## THE KINGSTON BANK agt. SOLOMON ROOSA.

An attorney who had retired from practice on account of ill health, and re
moved some twenty miles distant from his office, verbally requested another
attorney to take charge of his books and papers remaining in his office, and
settle up what was unsettled; and the attorney, thus authorized, received
costs in a suit, and a stipulation to try for him (which was one of the suits
unsettled). *Held*, that the authority was sufficient, notwithstanding on a mo-
tion afterwards the attorney first mentioned and his client both swore that
they never gave any authority to receive the costs and stipulation in the
cause.

*December Term*, 1845.

MOTION to set aside judgment for costs against plaintiffs.

Defendant moved for judgment as in case of nonsuit, at the
last September special term; which was granted, unless plain-
tiffs stipulated to try at the next circuit, and paid costs of mo-
tion. Within twenty days the plaintiffs paid costs and stipu-
lated to try, by paying the costs to M. Schoonmaker, Esq., an
attorney of this court, residing at Kingston, and serving on him
a stipulation. Philip E. Pitcher, Esq., of Redhook, the former
attorney of defendant, and who formerly resided at Kingston,
left the papers in this and other suits with his late partner
Nicholas Sickles, Esq., who died in May last.. Mr. Schoon-
maker, in the early part of last summer, being about to admin-
ister upon the estate of N. Sickles, deceased, called upon
[*9] *Mr. Pitcher (who had retired from the practice of law,
on account of continued illness, who requested Schoon-
maker to take charge of his books and papers remaining in the
office of Sickles & Pitcher, and settle up what was remaining
unsettled (the papers in this suit being among the rest), which
was accordingly done by Schoonmaker. In the latter part of
June, and after the interview with Pitcher, the defendant
called on Schoonmaker, and requested him to make out papers
for motion for judgment as in case of nonsuit, which was done
by Schoonmaker, in the name of Pitcher. At the time plain-
tiffs' attorney called to pay costs and serve stipulation, Schoon-

Kingston Bank agt. Roosa.

maker told him he had authority to act for Pitcher as his agent, and that as such he would receive the costs and stipulation, and accordingly did so, and gave a receipt for the costs in the name of Pitcher; all of which was communicated to the defendant Roosa, within a few days thereafter. Subsequently the defendant Roosa requested Schoonmaker to procure from Pitcher an agreement to have another attorney substituted for defendant, which was done, and Egbert Whitaker, Esq., of Saugerties, was substituted in the place of Pitcher, on or about the 28th of October last. The defendant's present attorney entered up judgment for costs against plaintiffs, on the 1st November last. It was sworn to by the defendant Roosa, and Pitcher, his former attorney, that they had not received any costs of motion or stipulation to try from plaintiffs, nor had they authorized any other person to receive the same for them. Whitaker, the present attorney, stated that he knew nothing about the cause, until on or about the 24th of October last, when it was intended to substitute him as the attorney for the defendant, and when he learned that the costs had not been paid to defendant or Pitcher, afterwards he heard plaintiffs had pretended to pay the costs to Schoonmaker, whose authority to receive them was denied by the defendant and Pitcher.

J. C. Forsyth, *plaintiffs' counsel.*
H. M. Romeyn, *plaintiffs' attorney.*
E. Sanford, *defendant's counsel.*
E. Whitaker, *defendant's attorney.*

Jewett, Justice. Thought the authority of Schoonmaker should be considered sufficient to receive the costs and stipulation as the agent of Pitcher. Schoonmaker undoubtedly thought he had authority, and acted in good faith, and there was something due to the honor of the profession in such cases.

Motion granted without costs, plaintiffs' attorney to stipulate and pay costs of last motion in twenty days.

Another cause between the same parties, upon the same state of facts, decided the same.